UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SANTIAGO ORTUNO PEREZ,

                 Petitioner,

   v.

ICE FIELD OFFICE DIRECTOR,

                 Respondent.

CASE NO. 2:23-CV-1527-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: February 16, 2024

Petitioner initiated this 28 U.S.C. § 2241 immigration habeas action on October 4, 2023. Dkt. 1. In the Petition, Petitioner states he is being detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") at the Northwest ICE Detention Processing Center. *Id*. He requests the Court order his release, set a bond for Petitioner's release, or release Petitioner on conditions. *Id*. at 6.

On November 13, 2023, Petitioner was afforded a custody hearing and was released from custody on a $25,000 bond. *See* Dkts. 5-1 – 5-4. Respondent filed a Motion to Dismiss the Petition as Moot on November 21, 2023. Dkt. 5. Petitioner did not file a response to the Motion to Dismiss.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas

REPORT AND RECOMMENDATION - 1

petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's habeas petition seeks only release from detention or, in the alternative, be afforded a bond, his claims have been fully resolved. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas petition should be dismissed as moot. *See id.*; *see also Yang v. ICE Field Off. Dir.*, 2021 WL 11096474, at *1 (W.D. Wash. Apr. 9, 2021) (finding petition was moot where the petitioner was released from ICE custody on an order of supervision).

Accordingly, the Court recommends the Motion to Dismiss (Dkt. 5) be granted and the Petition be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on February 16. 2024, as noted in the caption.

Dated this 1st day of February, 2024.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2